IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE JARVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-1449-K |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Target Corporation's Motion for Summary Judgment (Doc. No. 11). After careful review of the motion, the response, the reply, the supporting appendices, the applicable law, and the relevant portions of the record, the Court **GRANTS** the motion for the following reasons.

I.   **Factual Background**

While shopping at a store of Defendant Target Corporation ("Defendant") in Dallas, Texas, Plaintiff Ollie Jarvis ("Plaintiff") slipped and fell on a liquid substance on the floor. Plaintiff later learned from a store employee that the liquid substance was urine. Plaintiff filed this lawsuit against Defendant in state court on March 18, 2015, alleging state law claims of negligence. Defendant removed the case to this Court on May 8, 2015.

II. **Standards for Summary Judgment**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once the movant satisfies his burden, the nonmovant must present competent summary judgment evidence showing a genuine fact issue for trial exists. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. To meet this burden, the nonmovant may not rest on the pleadings, but must designate specific facts in the record establishing a genuine issue of material fact exists. *Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmovant may satisfy this burden by providing

depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

"Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim." *Walker v. Geithner*, 400 F. App'x 914, 916 (5th Cir. 2010)(per curiam)(citing *Celotex*, 477 U.S. at 323-25). However, "[i]t is not sufficient to merely list the elements of the claims and state that there is no evidence to support the elements." *Seastruck v. Darwell Integrated Tech.*, Civ. No. 3:05-CV-0531-BF, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) (Stickney, M.J.). The movant must cite to the record to demonstrate a lack of evidence that supports the nonmovant's claims. *Id.*

### III.   Applicable Law

An invitee (i.e., "one who enters on another's land with the owner's knowledge and for the mutual benefit of both"), *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex.

1975), is owed a duty by the owner to exercise reasonable care to protect invitees from dangerous store conditions known to or discoverable by the store. *Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). But this duty does not make the owner a general insurer of its customers' safety on the premises. *See id.* To prove a claim of premises liability, the plaintiff must establish: (1) the existence of a condition of the premises creating an unreasonable risk of harm to invitees; (2) the owner had actual or constructive knowledge of some condition of the premises; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the failure to exercise reasonable care was the proximate cause of the injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

To establish the owner had knowledge of a potentially harmful condition, "a slip-and-fall plaintiff . . . [must establish] that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). It is not enough for a plaintiff to merely show that an employee came in close proximity to a hazard; a plaintiff must point to some temporal evidence that the owner had a reasonable opportunity to discover a dangerous condition. *Id.* at 816.

IV.     Application of the Law to the Facts

Plaintiff concedes her sole claim against Defendant is based on premises liability, not negligent activity. Therefore, the Court need not address Defendant's summary judgment arguments related to Plaintiff's negligent activity claim.

Defendant moves for summary judgment on the grounds that Plaintiff cannot establish the notice element of her premises liability claim. Specifically, Defendant argues that Plaintiff has no evidence that a Target employee placed the liquid substance on the floor or that Defendant had actual knowledge of the liquid substance on the floor. Defendant also contends that Plaintiff has no evidence, or at most insufficient evidence, to show that Defendant had constructive knowledge. Plaintiff responds that there is sufficient evidence to infer that Defendant had actual and/or constructive knowledge based on a statement from a Target employee, thereby creating a genuine issue of material fact as to the notice element. In its reply, Defendant maintains there is no evidence, but argues that even if the employee's statement is considered some evidence of notice, it can be equally inferred from that statement that Defendant had no knowledge, actual or constructive, of the liquid substance on the floor prior to Plaintiff's fall.

To prevail on the second element of notice, "a slip-and-fall plaintiff . . . [must establish] that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to

discover it." *Gonzalez*, 81 S.W.3d at 814.  The record establishes that the liquid substance on the floor which caused Plaintiff's fall was urine.  Defendant argues that Plaintiff presents no evidence that Defendant placed the urine on the floor.  Defendant cites to Plaintiff's own admission in written discovery that no Target employee put the urine on the floor.  Plaintiff presents no summary evidence to create a genuine issue of material fact on this.  Therefore, Plaintiff fails to establish the notice element based on a Target employee placing the urine on the floor.

Defendant also argues that Plaintiff presents no evidence that Defendant had actual knowledge of the urine on the floor before Plaintiff fell.  In support of its argument, Defendant again cites written discovery in which Plaintiff admitted she was not aware of any Target employee's statement that he/she knew urine was on the floor before Plaintiff's fall.  In further support, Defendant cites to Plaintiff's deposition in which she stated that although a Target employee told Plaintiff the liquid was urine, Plaintiff does not know how or when that employee or any other employee became aware there was urine on the floor.  In response, Plaintiff cites her affidavit as evidence Defendant had actual knowledge.  Plaintiff stated that a Target employee met with her about 10 minutes after Plaintiff's fall and informed Plaintiff that she slipped on urine, not soda as Plaintiff originally thought.  Plaintiff points to no other evidence in the record.  This is not evidence that Defendant had actual knowledge of the condition *before*

Plaintiff fell. Plaintiff has failed to establish a fact question that Defendant had actual knowledge.

Plaintiff is left to establish the notice element through constructive knowledge which requires Plaintiff to first prove a length of time the liquid substance was on the floor. *See Sturdivant v. Target Corp.*, 464 F.Supp.2d 596, 602 (N.D. Tex. 2006)(Lynn, J.)(citing *Reece*, 81 S.W.3d at 815)(prerequisite to establishing 'owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time."). Again, Plaintiff relies on her statement in her affidavit that a Target employee approached her 10 minutes *after* the fall and told Plaintiff that the liquid was urine, not soda. Plaintiff goes on to state that the Target employee then informed Plaintiff a little boy had "pee[d] on the floor"; but, Plaintiff did not observe a little boy in the area when the Target employee made this statement. Plaintiff argues that it can be inferred from these statements that Defendant had knowledge about some sort of liquid on the floor somewhere in the store before Plaintiff's fall. Without much elaboration, Plaintiff seems to argue that, because no little boy was present or visible to Plaintiff when the Target employee made that statement, Defendant must have learned before Plaintiff's fall that a little boy urinated on a floor somewhere in the store; because how else would the employee know "a little boy pee[d]" on the floor if he was not around when that statement was made.

Plaintiff's argument misses the mark.  It is equally plausible to infer that Defendant learned about a little boy urinating on the floor in the ten minutes *after* Plaintiff's fall as it is to infer that Defendant learned about it prior to the fall.  More importantly, however, Plaintiff failed to demonstrate a length of time the substance was on the floor before her fall and that this was a reasonable amount of time for Defendant to discover it, which is required to establish a genuine issue of material fact on constructive knowledge.  *See Sturdivant*, 464 F.Supp.2d at 602.  The employee's statement, made ten minutes *after* Plaintiff's fall, is not evidence as to how long the urine was on the floor.  Defendant cites written discovery, as well as Plaintiff's deposition, that neither she nor any eyewitnesses knew how long the urine was there, no eyewitnesses observed urine on floor before Plaintiff's fall, and Plaintiff did not know the last time the area had been inspected by a Target employee.  There is simply no evidence as to how long the urine was on the floor, which would have allowed Defendant to discover it and, moreover, whether it was sufficient time to permit Defendant to exercise reasonable care.  Plaintiff "must produce sufficient evidence to create a triable issue as to whether 'the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition.'"  *Id.* (quoting *Gonzalez*, 968 S.W.2d at 935).  Plaintiff has failed to meet this burden.

There is no evidence establishing Defendant had notice of the urine; Plaintiff did not create a genuine issue of material fact as to notice on her premises liability claim,

which is a required element. *See Walker*, 400 F. App'x at 916 ("Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of non-moving party's claim."). The Court finds summary judgment on Plaintiff's premises liability claim is appropriate.

V.     **Conclusion**

Considering all the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to produce sufficient evidence to create a genuine issue of material fact as to Defendant's notice of urine on the floor that caused Plaintiff's fall. *See Sturdivant*, 464 F.Supp.2d at 603. Accordingly, summary judgment is appropriate on Plaintiff's sole claim of premises liability against Defendant.

**SO ORDERED.**

Signed June 16th, 2016.

*/s/ Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE